UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMIKO N. TURNER,<br><br>      Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>      Respondent. | No. C 10-4130 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2008, a Santa Clara County Superior Court jury found petitioner guilty of rape, forced oral copulation, and robbery. The trial court sentenced petitioner to total term of 48 years-to-life in state prison. Evidence presented at trial shows that petitioner raped M., a 43-year-old female, in July 2000, and J., a 52-year-old female, in December 2001. Petitioner testified at trial that he had consensual sex with both women. As grounds for federal habeas

relief, petitioner alleges that (1) that his right to due process was violated by the prosecutor's delay in bringing charges against him; and (2) that defense counsel rendered ineffective assistance by failing to object to the testimony of two witnesses.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

# DISCUSSION

## I. Pre-Charging Delay

Petitioner claims that his right to due process was violated by the delay in filing criminal charges. The relevant facts are as follows. In August 2003, the San Jose Police Department was informed that petitioner's DNA profile matched the DNA profiles obtained from genetic material taking from M. and J. after the attacks. Petitioner was not charged until January 2007. At a 2007 police interview, petitioner denied knowing anything about the assaults. During a break in that interview, petitioner telephoned his wife, and said, "I like done some fucked shit to you in the past. Well, not to you, 'cause I wasn't really with you yet. But I done like, one fucked up thing . . . [I] fucked up on, on, on a situation, man." (Ans., Ex. F at 12.)

Prior to trial, petitioner moved to dismiss the criminal complaint on grounds that he was prejudiced by the pre-indictment delay. The trial court denied his motion:

> I have heard the evidence in this case. It is still fresh in my memory. I'm going to deny the motion to dismiss for violation of due process based on prosecution delay basically for the reason that I don't see any actual prejudice. [¶] After listening to the case on behalf of the [petitioner], a fairly long period of time has passed since the crimes occurred. [¶] However, the general key points of the case remain the same and are consistent. Two victims that testified at the time of the initial crime. They gave a description of the [petitioner] and a description of the crime, and the key evidence was DNA for purposes of identification. [¶] Also one of the witnesses gave a description that was eventually memorialized at that time by a police sketch that also remains the same. The DNA evidence did not appear to be contaminated or in any way compromised by the passage of time. [¶] [There does] not appear to be any prejudice as to the [petitioner]'s ability to present a defense. [Petitioner] took the stand, testified. He had a very detailed memory of the events in question. I think it is fair to say the jury did not believe that detailed memory, but he certainly did not indicate that there was any loss of memory as to critical issues in the case. [¶] Instead he gave a detailed description of the events in the case, so I just don't find a showing of actual prejudice on behalf of the defense. [¶] This was a case where two victims testified. There was no identification of that person until several years ago when the DNA came. That DNA evidence was the same in 2003 as [it] was in 2009 at this trial. That will be the court's ruling.

(*Id.* at 14–15.)

On appeal and here, petitioner claims that the delay allowed the prosecution to create impeachment evidence. It did this by exploiting his refusal to provide a statement about the assaults during the 2007 police interrogation, and by its taping of his telephone call to his wife which contained his statement that he "had fucked up on a situation." The state appellate court rejected petitioner's claim because the pre-accusation delay did not "weaken[ ] his ability to present a defense, since, as [petitioner] implicitly concedes, there was no loss of any material evidence or any negative impact on [his] ability to defend against the prejudicial effect of his January 17, 2007 statements." (*Id.* at 16.)

Although the timing of the state's or government's filing of initial charges is subject to the general requirements of due process, *Prantil v. California*, 843 F.2d 314, 318 (9th Cir. 1988); *Arnold v. McCarthy*, 566 F.2d 1377, 1381–82 (9th Cir. 1978), such delay will not support a habeas claim unless it violates "fundamental conceptions of justice which lie at the base of our civil and political institutions," *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985); *Arnold*, 566 F.2d at 1381.

The Ninth Circuit applies a two-step test for determining whether pre-indictment delay violates due process. First, the petitioner must demonstrate the delay actually prejudiced his ability to defend himself. *United States v. Bracy*, 67 F.3d 1421, 1427 (9th Cir. 1995); *Prantil*, 843 F.2d at 318. Proof of prejudice is a "heavy burden that is rarely met," and it must be definite and not speculative. *Unites States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (internal quotation and citation omitted). A defendant cannot rely solely on the mere "passage of time" to show prejudice. *See United States v. King*, 483 F.3d 969, 977 (9th Cir. 2007) (citing *United States v. MacDonald*, 456 U.S. 1, 8 (1982)); *see*, e.g., *Corona-Verbera*, 509 F.3d at 1110, 1113 (finding no prejudice from delay of close to five years between events giving rise to charges and filing of federal indictment, where defendant failed to demonstrate "substantial prejudice"). Where actual prejudice is not established, the reasons for the delay need not be considered. *See Bracy*, 67 F.3d at 1427. Second, if the petitioner demonstrates actual prejudice, the Court must weigh the length of the delay against

4

the reason for it. *Id.*

Petitioner has not shown that he was prejudiced by the delay. He bases his claim on prosecution evidence obtained during the 2007 police interview. Such evidence was created by the 2007 police interview, the same year he was charged, and was not caused by the delay between 2003 and 2007. On such a record, petitioner has not shown that the delay between 2003 and 2007 prejudiced his ability to present a defense. As the state appellate court pointed out, there is no allegation or showing that witnesses' memories were dimmed by time, or that other material evidence was lost or degraded,[1] or that the delay in any way negatively affected his ability to present a defense. Accordingly, petitioner's claim is DENIED.

## II. Assistance of Defense Counsel

Petitioner claims that defense counsel rendered ineffective assistance by failing to object to the testimony of two expert witnesses. Petitioner contends that these witnesses, Karen Casada and Patricia Crane, both SART[2] nurses, testified to matters outside their expertise, specifically, as to the causes of the victims' injuries.

Defense counsel, according to petitioner, should have objected to Casada's testimony regarding J.'s cervical and other injuries. Petitioner asserts that only a physician or a biomechanical engineer would be qualified to offer such an expert opinion. He also asserts that defense counsel should also have objected to Crane's testimony that M's injuries were consistent with M.'s history of sexual assault. Petitioner asserts that Crane's testimony implied that M. was credible.

---

[1] Petitioner contends that two pieces of evidence were lost: (1) video footage of the 7-11 store M. visited prior to the assault, footage which, petitioner asserts, did not show that he was in the store, and (2) the audio recording of J.'s 911 call. As to (1), the loss of the video footage showing petitioner's absence does not show prejudice. According to M.'s testimony, petitioner attacked her at her apartment complex where she had arrived roughly 30 minutes after she visited the 7-11 store. Because he attacked her in another location and at a later time, petitioner has not shown that the loss of the footage showing his absence from the 7-11 video footage resulted in prejudice. As to (2), as the recording was unavailable, petitioner has not shown how the loss of this evidence resulted in prejudice.

[2] "Sexual Assault Response Team." (Ans., Ex. F at 2.)

The state appellate court rejected petitioner's claims. First, the testimony was admissible. Casada and Crane were qualified by their training, experience, and under state law, to testify as expert witnesses on sexual assault examinations. Second, Crane's testimony was not improper because Crane did not testify that she believed that M. was telling the truth. Third, defense counsel's decision not to object was a tactical decision reasonable under the circumstances:

> [The nurses' testimony] was helpful to the defense theory that [petitioner's] sexual encounters with the victims were consensual. In her testimony, Casada conceded that she unable to confirm that the blunt force trauma injuries to J. were caused during either nonconsensual sex or the sexual assault described by J. And Crane testified that the injuries she found in her physical examination of M. could be consistent with consensual sexual intercourse. [Petitioner] therefore has not overcome the presumption that trial counsel's conduct was sound trial strategy.

(Ans. Ex. F at 21.)

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, id. at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (citing Strickland, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have

had a reasonable doubt respecting guilt." *Id.* at 695.

Petitioner has not shown that defense counsel's performance was deficient under *Strickland*. First, it is unlikely that any objection would have been sustained, as the evidence was admissible under state rules of evidence.[3] It is both reasonable and not prejudicial for an attorney to forego a meritless objection. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). Second, the record supports the state appellate court's determination that defense counsel's refusal to object was a tactical decision reasonable under the circumstances. Specifically, the nurses' testimony supported petitioner's defense that the sex was consensual. The tactical decision not to object to the testimony must be accorded great deference.

Petitioner also has not shown prejudice. The evidence supportive of his guilt was strong. It included the testimony of the victims, DNA matches, evidence of injuries, and his lack of credibility caused by the inconsistency between his assertion to police that he had not had sex with the victims and his assertion at trial that he had had (consensual) sex with the victims. Petitioner has not seriously challenged, much less overcome, the strength of this evidence. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

---

[3] Insofar as petitioner claims that the evidence was improperly admitted, such claim is denied. Habeas relief can be granted only if there are no permissible inferences that the jury may draw from the evidence. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). Here, the jury could make the permissible inference that the victims suffered injuries around the time they alleged being raped by petitioner. Furthermore, whether the nurses qualified as expert witnesses under state law is a matter of state, not federal law. *See Schlette v. California*, 284 F.2d 827, 834–35 (9th Cir. 1960).

7

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: October 17, 2011

JEFFREY S. WHITE
United States District Judge

8

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKO N TURNER,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTHONY HEDGPETH et al,<br><br>   Defendant.<br> _____ / | Case Number: CV10-04130 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tamiko N. Turner
S.V.S.P.
G53683
P.O. Box 1050
Soledad, CA 93960

Dated: October 17, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk